**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SHERRY A. LUMZY**                                                                     **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:08cv23KS-MTP**

**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; AND JOHN DOES 1-10**                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for Judgment on the Pleadings **[#12]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

This case has its genesis in the execution by the plaintiff of a promissory note secured by a real estate deed of trust on June 28, 2001. The security for the deed of trust was realty located at 40 Longino Road, Hattiesburg, Mississippi. The deed of trust listed the defendant, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the Lender and Lender's successors and assigns. The plaintiff apparently had financial setbacks leading to her filing bankruptcy. She did not keep her obligations current pursuant to the requirements of the bankruptcy court and

the automatic stay was lifted after she allegedly defaulted on her obligations under the promissory note. Thereafter, foreclosure proceedings were commenced by the defendant on behalf of the lender. The property was foreclosed and eviction proceedings against the plaintiff were begun.

The plaintiff then initiated this action against MERS on the eve of the eviction proceeding by filing suit in the Chancery Court of Forrest County, Mississippi. Her suit demanded relief under various federal statutes such as the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. She ultimately requested a declaratory judgment setting aside the foreclosure, preventing further collection efforts by the defendant and awarding attorney fees and costs. The defendant timely removed the case to this court.

Upon removal, this court entered a case managemenet/scheduling order. After initial disclosures and the time for amendment of pleadings passed, the defendant filed the instant motion to dismiss. The motion attacks the plaintiff's complaint as relying on only conclusory allegations and failing to assert any factual basis for any of her claims. In response, the plaintiff first filed a motion to amend the scheduling order to allow her to amend her complaint. The magistrate judge denied this motion as failing to show any good cause for the plaintiff's delay in not seeking relief earlier and not attaching any actual proposed amendment thereto.

## **STANDARD OF REVIEW**

The defendant has moved for dismissal under Rule 12(c) of the Federal Rules of Civil Procedure. The standard of review is the same under 12(c) as a motion to dismiss

under 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004). In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

Since the 12(b)(6) motion may only test the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990). However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss. *See Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954). Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial. Rule 12(h)(3), Fed.R.Civ.P. Therefore, while technically a 12(b)(6)/12(c) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the

-3-

well-pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.

Further, while a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940, 75 USLW 4337 (2007)(other citations omitted).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will suffice to prevent a motion to dismiss."  *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)(citations omitted).

## **ANALYSIS**

The defendant first attacks the plaintiff's complaint on the basis that Count I fails to set forth any federal or state claim for which relief can be granted.  Count I is an amalgamation of twenty-four rambling and seemingly disconnected paragraphs that are less than pellucid.  The count seems to complain about a $3.95 charge allegedly assessed to the plaintiff at the closing of the plaintiff's original loan which was payable to MERS.  However, a review of the HUD-1 Settlement Statement from the closing, attached as an exhibit to the Answer, indicates that no such fee was charged or collected.

The count also states in conclusory fashion that MERS is not a licensed Mississippi mortgage broker; chooses Mississippi legal counsel to pursue collection of

defaulted loan obligations in Mississippi; does not suffer risk of financial loss in the event of default of any Mississippi loan obligation; has issued FDCPA communications to mortgagees in default and its intention to collect attorneys fees and costs as a result of the default; and so on.  The crux of the count is, apparently, a claim that the note holder has isolated itself from the borrower by virtue of the MERS registration and allowing MERS to perform the work associated with foreclosing on defaulted loans.  A careful analysis of Count I reveals no factual basis to conclude that the plaintiff has stated any viable claim upon which to hold the defendant liable.

Count II is no clearer.  The plaintiff once again rambles through various conclusory allegations regarding supposed violations of sundry federal and state laws.  She contends that MERS was not licensed in Mississippi without any citation to legal authority or facts to support the claim.  MERS was the named beneficiary on the deed of trust.  Mississippi law does not require a named beneficiary on a deed of trust to be licensed in order to commence foreclosure activities thereunder.  *See* Miss. Code Ann. § 79-4-15 (1)(acquiring indebtedness, mortgages or security interests in real property or enforcing same does not constitute transacting business so as to require a license).

The plaintiff also apparently contends that there was a RESPA violation for not giving notice to the plaintiff of the assignment of her mortgage to MERS.  This is not the case.  MERS was the named beneficiary in the original deed of trust.  A RESPA violation can only occur upon improper notice of an assignment or servicing transfer of a mortgage.  *See* 12 U.S.C. § 2605 (c).  The plaintiff does not even make an allegation of any assignment or servicing transfer.

The plaintiff next contends that the defendant violated the Fair Debt Collection

Practices Act ("FDCPA"), specifically § 1692(e), which prohibits false representations and deceptive means to collect debts. Once again, the deed of trust listed MERS as the beneficiary and agent for the Lender. The plaintiff's Complaint sets forth no facts which would support a claim of any false representations or deceptive acts to collect this debt. Besides, foreclosure is *not per se* FDCPA debt collection. *Brown v. Morris*, 243 Fed. App. 31, 35 (5th Cir. 2007)(emphasis in original). There are simply no factual allegations in this Complaint to support a FDCPA claim.

The plaintiff responds to the motion by asserting that neither MERS nor Countrywide, the original lender, followed certain HUD and FHA regulations. She goes on to assert that the "Fair Housing Act applies to this state and all others by virtue of the 14th Amendment and pre-empts state law." This claim is not asserted in the Complaint. Further, this was not a HUD insured loan nor was it insured, issued or guaranteed by the Federal Housing Administration ("FHA"). The plaintiff never makes any allegation that it was such a loan. She also makes an argument that her loan was never in default. There is no allegation of this in her Complaint. The plaintiff's argument is without foundation and in fact, absurd.

The same result is true of the balance of the plaintiff's Complaint. She has simply failed to assert any factual allegations which would support any of the forms of relief requested. Her conclusory and convoluted allegations do not pass muster, even when viewed in the light most favorable to her. She had ample opportunity to amend her Complaint to properly assert potentially viable claims and such was even suggested by the court during a status conference. She made no effort to do so timely and there is no indication, based on the allegations of the current Complaint, that she ever could.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Judgment on the Pleadings **[#12]** is granted and the Complaint is dismissed with prejudice and any other motions are denied as moot.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 21st day of August, 2008.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE